**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**JOEL SCHNEIDER**<br>UNITED STATES MAGISTRATE JUDGE | MITCHELL H. COHEN COURTHOUSE<br>1 John F. Gerry Plaza, Room 2060<br>CAMDEN, NJ 08101-0887<br>(856) 757-5446 |

**LETTER OPINION AND ORDER**
**ELECTRONICALLY FILED**
July 15, 2011

Susan Bellwoar Ayres, Esquire
Hill & Associates PC
123 South Broad Street
Suite 1100
Philadelphia, PA 19109

Kristin Lynn Vassallo, Esquire
Office of the U.S. Attorney
District of New Jersey
970 Broad Street
Newark, NJ 07102

John Charles Gillespie, Esquire
Parker McCay, PA
Three Greentree Centre
7001 Lincoln Drive West
PO Box 974
Marlton, NJ 08053

      **Re: Wilson v. Player, et al.**
           **Civil No. 10-3866 (RBK/JS)**

Dear Counsel:

    The Court has been asked by the parties to Order or authorize plaintiff to release to defendants a copy of plaintiff's Pre-Sentence Report ("PSR"). The Court has reviewed the PSR <u>in camera</u>. For the reasons to be discussed, the parties' request is DENIED.

    By way of background, PSRs are prepared by a probation officer for use by a District Judge in sentencing. The reports contain background information on the criminal defendant (in this case plaintiff Ken Wilson) and the circumstances of his offense. After sentencing, the reports are typically given to the Bureau of Prisons. <u>See</u> <u>United States Department of Justice v. Julian</u>, 486 U.S. 1, 3-4 (1988). Federal Rule of Criminal Procedure 32(d-g) addresses PSRs. No corresponding rule of civil procedure addresses when a party can review a civil plaintiff's PSR. Wilson's PSR contains the following language: "It is the policy of the federal judiciary and the Department of Justice that further redisclosure of the presentence investigation report is prohibited without the consent of the sentencing judge."

July 15, 2011
Page 2


The Court has not identified a case from this District discussing if and when a PSR may be discovered in a civil case. However, although the applicable legal standard may be worded differently around the country, courts uniformly hold that PSRs may not be routinely discovered. See In re Siler, 571 F. 3d 604, 611 (6th Cir. 2009)(lower court did not abuse its discretion in finding there was not the required "special need" for their release); United States v. Schlette, 842 F.2d 1574, 1581 (9th Cir. 1988)("a third party who asks a court to disclose the [PSR] must make some threshold showing that disclosure will serve the ends of justice"); United States v. Charmer, 711 F.2d 1164, 1176 (2d Cir. 1983)(collecting cases)(a PSR should not be released to a third party "unless that person has shown a compelling need for disclosure to meet the ends of justice"). See also Julian, 486 U.S. at 12 (emphasis in original). ("Both parties agree that in both civil and criminal cases the courts have been very reluctant to give third parties access to the pre-sentence investigation report prepared for some other individual or individuals").

There are at least two reasons why third party requests for the disclosure of PSRs are not routinely granted. One is that disclosure of the PSRs will chill the willingness of individuals to supply information for the report. The second reason is the need to protect the confidentiality of the information in the report. Id. See also Board of Ed. of Evanston Tp. High School Dist. No. 202, Cook County, Ill. v. Admiral Heating and Ventilation, Inc., 513 F. Supp. 600, 605 (N.D. Ill., E.D. 1981)("We judges would break faith with defendants, whom we uniformly urge to cooperate with and make full disclosure to the Probation Office to assist us in our sentencing decisions, if we opened the reports up to public scrutiny").

The Court's in camera review of plaintiff's PSR reveals that much of the included information is irrelevant to the issues in the case. Examples are the status of the co-defendants, the sentencing analysis, and different sentencing options. As to the arrest and incident at issue in the case, it appears that the information included in the PSR came from identified witnesses who are available to be deposed. In addition, the details of plaintiff's plea agreement and plea are matters of record that are available for defendants' review. It therefore does not appear that plaintiff's PSR contains any relevant information that is not available to defendants from plaintiff or other readily accessible sources.

Based on the applicable law and present record, the Court will not Order or authorize plaintiff to produce his PSR. The Court finds that no special need or circumstance exists to justify

July 15, 2011
Page 3

the production.  As noted in <u>Schlette</u>, <u>supra</u>, PSRs "should not be made available to [parties] to save them time in preparing lawsuits."  842 F.2d at 1584.  <u>See</u> <u>also</u> <u>in re Siler</u>, 571 F.3d at 611 (when virtually everything in the PSR is available from other sources there is no special need for access).  Courts that have released a PSR to a third party have found that the information contained therein was not otherwise available.  <u>See</u>, <u>e.g.</u>, <u>Schlette</u>, 842 F.2d at 1584; <u>United States v. Watkins</u>, 623 F. Supp. 2d 514, 517 (S.D.N.Y. 2009).  This is not the case here.

    Although the Court will not Order or authorize plaintiff to produce his PSR, plaintiff is still under a duty to produce non-privileged and relevant requested information. Pursuant to Fed. R. Civ. P. 26(e), all parties are under a duty to supplement their disclosures and answers to written discovery with relevant information not previously produced.

    Accordingly, for all the foregoing reasons, the Court will not Order or authorize plaintiff to produce to defendants a copy of his PSR.[1]

                          Very truly yours,

                          *s/ Joel Schneider*

                          JOEL SCHNEIDER
                          United States Magistrate Judge

JS:jk
cc:  Hon. Robert B. Kugler

---

[1]. It makes no difference to the Court's ruling if plaintiff consents to the production of his PSR.  Even if the subject of a PSR consents, the routine release of PSRs could chill persons from supplying complete and accurate information relevant to a defendant's sentencing and treatment.  The rationale behind keeping PSRs confidential is not exclusively focused on the protection of a criminal defendant's privacy.